QUESTION:
May a school board properly reimburse an employee for official travel when the point of origin is not the employee's official headquarters because the employee is on authorized leave for military purposes?
SUMMARY:
A district school board may reimburse its employee for authorized official travel expenses when the point of origin of travel is not the employee's official headquarters, provided that the travel distance and travel period from the point of origin to the point of destination and return are less than the constructive travel distance and travel period from the employee's official headquarters to the point of destination and return. If the actual distance traveled and travel period are greater, then reimbursement for travel expenses must be calculated on the basis of the constructive distance and travel period from the employee's official headquarters to the point of destination and return thereto.
According to your letter, an employee of the Indian River County School Board who was in Jacksonville on authorized leave for military purposes proceeded from Jacksonville to Fort Lauderdale to attend a conference on behalf of the school board. The employee was reimbursed for a round trip commercial flight from Jacksonville to Fort Lauderdale by the school board. You indicate in your letter that the Auditor General has requested that the school board seek an opinion from this office regarding the payment of these expenses.
Section 230.201, F. S., limits members of the district school board to reimbursement from the district school fund for travel expenses at the rates specified in s. 112.061, F. S., as amended. Chapter 230, F. S., is silent with regard to the travel expenses of the staff and employees of the school board, although the school board clearly has the authority to employ and compensate its officers and employees. See, e.g., s. 230.23(5). Section112.061(1)(a), F. S., however, states that it is the Legislature's intent that the provisions of s. 112.061 are applicable `to all public officers, employees, and authorized persons whose travel expenses are paid by a public agency.' (Except that the provisions of any special or local law prevail over any conflicting provisions of s. 112.061 to the extent of the conflict, s.112.061(1)(b)2.) As defined in s. 112.061(2)(a), it is clear that a district school board is an `agency or public agency' within the purview of and for the purposes of s. 112.061, as amended. (Seealso s. 1.01(9), F. S.) Therefore, the staff and employees of a district school board are subject to, and their travel expenses and per diem allowances controlled by, the rates and limitations set forth in s. 112.061, as amended. The travel expenses of all travelers are limited to those expenses necessarily incurred by them in the performance of a public purpose authorized by law to be performed by the agency. Section 112.061(3)(b). Moreover, all travel must be duly authorized and approved by the head of the agency from whose funds the traveler is paid. Section112.061(3)(a).
This office has consistently interpreted s. 112.061, F. S., to authorize reimbursement for per diem and travel expenses only for travel away from the traveler's official headquarters as defined in s. 112.061(4). See, e.q., AGO's 076-56 and 074-132. Cf. AGO 076-46 concluding that there is no statutory authority to reimburse a state employee for per diem when on sick leave because of illness occurring while on travel status away from his official headquarters. See also AGO 075-237 in which this office concluded that district school board members are not entitled to reimbursement for mileage in traveling from their homes to the district's administrative headquarters; they are, however, entitled to `vicinity' mileage when necessary to carry out their official duties. In computing travel expenses, the mileage allowance is generally computed on the basis of the distance from the headquarters office to the place where the official duties are to be carried out. Where, however, the travel commences from a place other than the officer's or employee's official headquarters, e.g., the traveler's place of residence, the mileage should be computed on the basis of the shorter distance, whether that is the distance actually traveled from the place of residence or the constructive distance from the headquarters city to the point of destination. See AGO 075-275. For example, in AGO 074-132, I stated that mileage is computed on the basis of the distance from the headquarters city to the city in which the duties are to be performed unless the actual distance, that is, from the place of residence, is shorter. See also AGO 075-237, in which this office concluded that mileage for school board members should be calculated from the official headquarters to the place where the official duties are to be carried out if the travel originates there; however, travel should be calculated from the traveler's place of residence when travel originates there, if it is a shorter distance than from the official headquarters to the place where the official duties are to be carried out. In AGO 075-275 this office, in considering the definition of `point of origin' as used in s. 112.061(7)(d)2. in computing travel expenses or mileage, determined that the reimbursable travel mileage should be computed on the basis of the distance from the point of origin city (headquarters city) to the city of destination, if possible by using the mileage shown on the official map of the Department of Transportation, without regard to the point within the city from which the official or employee begins his or her trip. If the travel commences from the city in which the traveler resides and which is different from his official headquarters, then reimbursable travel mileage should be calculated on the basis of the shorter distance when he travels directly from his home to *4802 the place where the official duties are to be performed, whether this is the actual distance traveled from the city of residence or the constructive distance from the headquarters city to the point of destination. Compare with AGO 072-386, in which I concluded that a state attorney who must travel from his official headquarters to the county seat of another county within the same judicial circuit is entitled to mileage from that county seat to his official headquarters or to his home, whichever is the shorter distance; he is not, however, entitled to per diem or mileage from his home to the county seat of the county in which he resides and return thereto.
Applying the foregoing AGO's to the instant inquiry, it appears that, while the employee may under s. 112.061, F. S., as amended, be reimbursed for properly authorized travel expenses incurred in attending the conference in Fort Lauderdale on behalf of the school board, the reimbursable mileage or common carrier fare should be calculated on the basis of the shorter distance to the point of destination, whether this is the actual distance traveled from Jacksonville to Fort Lauderdale or the constructive distance from the official headquarters city to Fort Lauderdale.
According to your letter, the employee was in Jacksonville pursuant to official orders of the United States Naval Reserve and the military leave provisions of s. 115.07, F. S. (see also s. 231.39(2), F. S.), and proceeded from Jacksonville to Fort Lauderdale to attend the school board conference. The employee was not temporarily stationed in Jacksonville as an employee of the school board nor was he performing any official duties for the school board at that location, and the school board had not designated that area as the official headquarters of the employee for travel purposes pursuant to s. 112.061(4), F. S. Apparently, the employee had not completed his military tour of duty and had not returned from a leave status to a duty status with the school district. The actual distance traveled and time away from his regular place of employment in attending the conference was greater than if the travel had originated from the employee's official headquarters in Indian River County. Therefore, while the employee may be entitled to travel expenses for attending the conference in question on behalf of the school board, the reimbursable travel expenses should be calculated on the basis of the travel distance and travel period from the employee's official headquarters to the point of destination and return thereto upon completion of the conference, since this is the shorter distance and travel period, regardless of the actual distance traveled or the actual travel period.
Prepared by: Joslyn Wilson Assistant Attorney General